United States District Court
Southern District of Texas
**ENTERED**
April 15, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent, § | |
| § | CRIMINAL NO. H-06-0380-01 |
| v. § | CIVIL NO. H-18-1493 |
| § | |
| CHRISTOPHER ALAN RAMIREZ, § | |
| § | |
| Defendant-Movant. § | |

**MEMORANDUM AND ORDER**

In June 2007, the defendant, Christopher Alan Ramirez, pleaded guilty to one count of aiding and abetting the possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(E), and 18 U.S.C. § 2, and one count of using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). In 2008, Ramirez was sentenced to a prison term of 211 months.

In February 2014, Ramirez filed his first motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. (Crim. Dkt. No. 151). In July 2014, this court dismissed the motion with prejudice as untimely filed. (Crim. Dkt. Nos. 162, 163). In August 2014, Ramirez filed a motion for retroactive application of the sentencing guidelines under 18 U.S.C. § 3582, and the court entered an order reducing his previously imposed sentence of imprisonment from 211 months to 190 months. (Crim. Dkt. Nos. 164, 166).

Ramirez has now filed a second § 2255 motion, alleging that his sentence under 18 U.S.C. § 924(c)(1)(A) was unlawfully enhanced in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). (Crim. Dkt. Nos. 177, 178). The court ordered the government to respond. Before the government filed its court-ordered response, Ramirez filed a motion to amend his § 2255. In seeking to amend

his motion, Ramirez asks the court to "rescind" his pending motion § 2255 and the corresponding civil action so that he may seek permission from the Fifth Circuit Court of Appeals to file a second or successive § 2255 motion. (Crim. Dkt. No. 184). The government has moved to dismiss Ramirez's § 2255 motion without prejudice for lack of jurisdiction. (Crim. Dkt. No. 185).

Because Ramirez's motion to amend seeks to rescind or withdraw his pending § 2255 motion, it is properly treated as a motion for voluntary dismissal under Rule 41(a) of the Federal Rules of Civil Procedure. "[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 318 (5th Cir. 2002) (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)). If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options: (1) it can deny the motion outright, or (2) it can craft conditions that will cure the prejudice. *Elbaor*, 279 F.3d at 317–18. Absent evidence of prejudice to the non-movant, or of abuse by the movant, a court should generally grant the motion. *See id.* No such prejudice has been shown in the instant case.

Ramirez's motion to amend and withdraw his § 2255 motion, (Crim. Dkt. No. 184), is granted. The government's motion to dismiss, (Crim. Dkt. No. 185), is denied as moot. Ramirez's § 2255 motion, (Crim. Dkt. No. 177), and the corresponding civil action, No. H-18-1493, are dismissed without prejudice. Any and all remaining pending motions are denied as moot. A certificate of appealability is denied.

SIGNED on April 10, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge